HARTMAN et al., Appellees,

v.

SCHACHNER et al., Appellants.

[Cite as *Hartman v. Schachner,* 168 Ohio App.3d 373, 2006-Ohio-3982.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–05–1239.

Decided Aug. 4, 2006.

374

Jeffrey L. Maloon and Janet L. Phillips, for appellees.

Martin T. Galvin and James O'Connor, for appellants.

SINGER, Presiding Judge.

{¶ 1} This matter comes before the court from the Lucas County Court of Common Pleas wherein appellees' motion for prejudgment interest was granted. Following a thorough review of the record in this case, we affirm the judgment of the trial court.

{¶ 2} The relevant facts are as follows. On February 12, 2001, appellees, Douglas A. and Lisa A. Hartman, filed a medical malpractice action against appellant Dr. Sheldon Schachner. Following a bench trial, on October 19, 2004, the court ruled against Schachner. The Hartmans were awarded $560,803.79 with interest and costs.[1]

{¶ 3} On November 1, 2004, the Hartmans filed a motion for prejudgment interest. On November 19, 2004, appellants filed a motion to stay execution of judgment, which the trial court granted. On June 30, 2005, the trial court granted the Hartmans' motion for prejudgment interest, awarding them

---

1. This court affirmed the trial court's judgment on December 30, 2005. See *Hartman v. Schachner,* 6th Dist. No. L–04–1335, 2005-Ohio-7000.

$213,325.01.   Appellants now appeal, setting forth the following assignment of error:

{¶ 4} "The trial court committed prejudicial error in awarding pre-judgment interest [to] plaintiff's-appellees."

{¶ 5} The purpose of prejudgment interest is to encourage prompt settlement and to discourage defendants from frivolously opposing and prolonging suits for legitimate claims, between injury and judgment.  *Royal Elec. Constr. Corp. v. Ohio State Univ.* (1995), 73 Ohio St.3d 110, 116, 652 N.E.2d 687. Further, prejudgment interest does not punish the party responsible for the underlying damages, but acts as compensation and serves ultimately to make the aggrieved party whole and compensates for the lapse of time between accrual of the claim and judgment.  Id.  In order to award prejudgment interest, a trial court must find that the party required to pay the judgment failed to make a good faith effort to settle the case, and the party to whom the judgment is to be paid did not fail to make a good faith effort to settle the case.  *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 658, 635 N.E.2d 331.

{¶ 6} Regarding prejudgment interest, the Supreme Court of Ohio developed a standard of good faith comprised of (1) full cooperation in discovery proceedings, (2) rational evaluation of risks and potential liability, (3) no unnecessary delay of the proceedings, and (4) a good faith settlement offer or response in good faith to an offer from the other party.  Id., citing *Kalain v. Smith* (1986), 25 Ohio St.3d 157, 25 OBR 201, 495 N.E.2d 572, syllabus.

{¶ 7} The party seeking prejudgment interest bears the burden of proof.  *Moskovitz*, 69 Ohio St.3d at 659, 635 N.E.2d 331.  The party must present persuasive evidence of an offer to settle that was reasonable when "considering such factors as the type of case, the injuries involved, applicable law, defenses available, and the nature, scope and frequency of efforts to settle.  Other factors * * * include responses—or lack thereof—and a demand substantiated by facts and figures."  Id.  A subjective claim of lack of good faith will usually not be sufficient.  Id.  "Even though the burden of a party seeking an award is heavy, the burden does not include the requirement that bad faith of the other party be shown.  * * * [A] party may have failed to make a good faith effort to settle even though he or she did not act in bad faith."  Id.

{¶ 8} The determination to award prejudgment interest rests within the trial court's sound discretion.  *Scioto Mem. Hosp. Assn., Inc. v. Price Waterhouse* (1996), 74 Ohio St.3d 474, 479, 659 N.E.2d 1268.  The trial court's finding on this issue will not be reversed absent a clear abuse of discretion.  *Kalain v. Smith*, 25 Ohio St.3d at 159, 25 OBR 201, 495 N.E.2d 572.  The Supreme Court of Ohio defines abuse of discretion as an attitude on the part of the trial court that is

unreasonable, arbitrary, or unconscionable. *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 482 N.E.2d 1248.

{¶ 9} In granting appellees' motion for prejudgment interest, the trial court found that prior to the final judgment on October 19, 2004, appellant's insurer, Frontier Insurance, had failed to communicate any offer of settlement at any time to appellees, despite having sufficient information to evaluate risks and potential liability and having determined their risk of exposure. The court further found that Frontier's conduct had caused unnecessary delays in the proceedings.

{¶ 10} The record shows that upon a review of appellees' claim, Frontier's in-house doctor had deemed the case "dangerous" for the company. A Frontier claim-review form shows that before trial, Frontier and their lawyers believed that appellees had a 90 percent chance of prevailing on their claim.

{¶ 11} On March 31, 2003, appellees submitted their first formal demand letter to Frontier's counsel in which they sought a settlement in the amount of $1,500,000. A court mediation took place on July 24, 2003. Nothing was resolved, as Frontier failed to tender a settlement offer. Frontier then requested a private mediation. That mediation was subsequently cancelled, at Frontier's request, when Frontier's counsel notified appellees that Frontier was only willing to pay the cost of the defense to resolve the case.

{¶ 12} On April 2, 2004, appellees proposed a high/low settlement agreement capping the liability of Frontier at $700,000 and a low figure of $300,000. In addition, appellees agreed to waive their appeal, to dismiss all claims against Dr. Schachner's estate, and to not pursue a claim for prejudgment interest. Frontier did not respond to this offer. Based on this evidence, we cannot say that the trial court abused its discretion in granting appellees' motion for prejudgment interest.

{¶ 13} Appellants also contend that Frontier's insolvency prevented them from making a settlement offer. This argument is without merit. The trial court correctly noted that the statute governing prejudgment interest, R.C. 1343.03(C), makes no allowances for an insolvent insurer. Moreover, the record shows that Frontier was settling claims on other cases during the time of this trial.

{¶ 14} Finally, appellants contend that the court erred in considering evidence of settlement efforts that occurred during the trial but before the verdict. Appellants contend that the court may consider only evidence of pretrial settlement efforts. We disagree. The Supreme Court of Ohio in *Galmish v. Cicchini* (2000), 90 Ohio St.3d 22, 34, 734 N.E.2d 782, stated:

{¶ 15} "In determining whether [settlement] efforts were reasonable, the trial court is not limited to the evidence presented at the prejudgment interest

hearing. The court may also review the evidence presented at trial, as well as its prior rulings and jury instructions, especially when considering such factors as the type of case, the injuries involved, applicable law, and the available defenses."

{¶ 16} Accordingly, appellants' sole assignment of error is not well taken. On consideration whereof, the court finds that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal for which sum judgment is rendered against appellees on behalf of Lucas County and for which execution is awarded. See App.R. 24.

Judgment affirmed.

SKOW and PARISH, JJ., concur.